IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UTICA KING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 20 C 1283 |
| | ) |
| HEI/HOTEL CHICAGO DOWNTOWN | ) |
| AUTOGRAPH COLLECTION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Utica King has sued her former employer, HEI/Hotel Chicago Downtown Autograph Collection (HEI), under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1), and the Americans with Disabilities Act, 42 U.S.C. § 12117(a). King has filed a third amended complaint (dkt. no. 43, mistakenly entitled second amended complaint) asserting claims against HEI for failure to provide reasonable accommodations, race discrimination, and retaliation for filing an EEOC charge. HEI has moved for judgment on the pleadings on King's failure-to-accommodate claim, contending that King failed to exhaust the claim because it is outside the scope of her EEOC charge.

## Background

King, who suffers from lupus, an autoimmune disease, began working for HEI as a housekeeper in or around August 2018. King contends that she informed HEI of her condition prior to becoming employed and during her initial interview. According to

King, she asked her supervisors several times for a modified workload, a modified work schedule on certain days, and to be able to combine her days off.  King claims that HEI failed to provide any reasonable accommodations for her but that it provided accommodations to other employees who needed them due to their medical conditions.

According to King, by mid-September 2018, she had accumulated "points" due to absenteeism and tardiness, and HEI issued her a verbal warning.  In late December 2018, HEI issued her a written warning for additional points.  And on February 21, 2019, HEI disciplined her (in an unspecified way) for absenteeism and tardiness.

On March 18, 2019, King filed a charge against HEI with the Equal Employment Opportunity Commission.  The charge is attached to HEI's answer.  In her charge, King checked off the "retaliation" box but made no reference to disability discrimination or failure to accommodate.  King alleges that ten days after she filed her EEOC charge, HEI fired her, invoking absenteeism and tardiness as grounds for termination.

On April 4, 2019, King filed an amended EEOC charge, which she has attached to her third amended complaint.  Dkt. no. 43, Ex. A.  On the form provided by the EEOC, King checked off the boxes for discrimination based on disability and retaliation.  In the narrative section of the amended charge, King stated as follows:

> I began my employment with Respondent in or around September 2018.  My most current position was Housekeeper.  During my employment, I was subjected to harassment by my supervisor and discipline.  I complained to management; subsequently, I have been subjected to increased harassment and scrutiny.  After filing this charge of discrimination, I was discharged.
>
> I believe I have been discriminated against in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

2

> I also believe I have been discriminated against because of my disability, and in retaliation for engaging in protected activity, in violation of the Americans with Disabilities Act of 1990, as amended.

*Id.* King's amended EEOC charge did not specifically refer to HEI's claimed failure to provide reasonable accommodations for her disability. HEI has moved for judgment on the pleadings on King's claim for failure to accommodate, contending that King failed to exhaust this claim because it is outside the scope of the amended EEOC charge.

## Discussion

The Court reviews a motion for judgment on the pleadings pursuant to Federal Rules of Civil Procedure 12(c) under the same standard as a motion to dismiss pursuant to Rule 12(b)(6*). Adams v. City of Indianapolis*, 742 F.3d 720, 727 (7th Cir. 2014). Under this standard, the Court will grant the motion if King fails to plead facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 728 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In ruling on the motion, the Court may consider King's amended EEOC charge, which is attached to her third amended complaint and is therefore part of the pleadings under Federal Rule of Civil Procedure 10(c). *See also N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998).

Generally, before bringing a federal lawsuit alleging discrimination under the ADA, a plaintiff must file a charge of discrimination with the EEOC. 42 U.S.C. § 12117(a) (citing 42 U.S.C. § 2000e-5); *see also Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 637 (7th Cir. 2004). The purpose of this requirement is to give the employer notice of the charges and to give the EEOC the opportunity to settle the dispute. *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2002).

HEI argues that King's ADA claim for failure to accommodate should be dismissed because King did not include it in her EEOC charge and thus did not exhaust her claim.

HEI correctly points out that a claim for failure to accommodate and a disability discrimination claim are separate types of claims. *Scheidler v. State of Indiana*, 914 F.3d 535, 542 (7th Cir. 2019); *Green v. Nat'l Steel Corp., Midwest Div.*, 197 F.3d 894, 898 (7th Cir. 1999). On her amended EEOC form, in the area labeled "Discrimination Based On," King checked off the boxes for "disability" and "retaliation"; there is no box for failure to accommodate. And in the narrative section of the form, King did not make any specific reference to HEI's claimed failure to reasonably accommodate her disability. Dkt. no. 43, Ex. A. Nevertheless, King may still bring a failure-to-accommodate claim if the claim is "like or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations." *Moore v. Vital Prods., Inc.*, 641 F.3d 253, 256–57 (7th Cir. 2011) (quoting *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976)).

The Seventh Circuit explained in *Cheek v. Western & Southern Life Insurance Co.*, 31 F.3d 497 (7th Cir. 1994), that a claim is like or reasonably related to a charge when they, "at minimum, describe the *same conduct* and implicate the *same individuals.*" *Id.* at 501 (emphasis added). In her third amended complaint, King alleges that she often requested accommodations from her supervisors, such as a modified work schedule, modified workload, and to be allowed to combine her days off, but never received any such accommodations. Dkt. no. 43, ¶¶ 17-20, 26. Rather, King alleges, HEI disciplined her for being late to work and missing workdays. *Id.* ¶¶ 39-41. In her amended EEOC charge, King asserted that she was "discriminated against because of

4

[her] disability" and "subjected to harassment by [her] supervisor and discipline." *Id.*, Ex. A. This discipline, specifically discipline due to tardiness and absenteeism, appears to be directly connected to HEI's alleged failure to accommodate King's medical condition. Based on these facts, the Court concludes that King's claim for failure to accommodate and her discrimination charge are reasonably related and involve the same individuals. *See, e.g., Dibelka v. Repro Graphics, Inc*, No. 14 C 3190, 2014 WL 5858553, at *3 (N.D. Ill. Nov. 12, 2014) (finding that a plaintiff's accommodation and medical leave claims were related to his disability claim because they involved the same issues of fact even though his EEOC charge made no reference to failure to accommodate and did not provide specific facts).

Further, given the interrelationship, it is reasonable to believe that an inquiry into King's accommodation claim would have developed from the EEOC's investigation of her disability discrimination claim. This conclusion is not altered by the Seventh Circuit's decision in *Green*, a case that HEI cites. In *Green*, the plaintiff was barred on exhaustion grounds from pursuing a claim for failure to accommodate related to the employer's failure to provide adequate office furniture and a handicap parking spot. *Green*, 197 F.3d at 898. Those contentions, however, had nothing to do with the circumstances involving the plaintiff's discrimination claim and were not related to the allegations in her EEOC charge, in which she stated only that she had been terminated due to her disability. *Id.* at 897. The court reasoned that an investigation into plaintiff's discrimination claim likely would not have brought to light any facts related to the plaintiff's requests to modify her work environment. *Id.* at 898. Here, by contrast, it is reasonable to believe that an investigation into King's claim of discriminatory termination

5

purportedly due to absenteeism and tardiness would have brought to light her requests for accommodation relating to those very elements of her work schedule.

Decisions by several other judges in this district similarly have concluded that application of *Green* turns on whether, in the particular case, the facts related to a plaintiff's discrimination interlace with those that underlie her accommodation claim. *See Morales v. Goodwill Indus. of Se. Wis., Inc.*, No. 14 C 2370, 2014 WL 4914255, at *4 (N.D. Ill. Sept. 30, 2014); *Dibelka*, 2014 WL 5858553, at *3; *Ortiz v. Bd. of Educ. of City of Chicago*, No. 11 C 9228, 2013 WL 3353918, at *5 (N.D. Ill. July 2, 2013); *Wamack v. Windsor Park Manor*, 836 F. Supp. 2d 793, 799 (N.D. Ill. 2011). In each of these cases, the circumstances involving the employer's failure to accommodate were intertwined with the circumstances involving the claimed discriminatory termination. The same is true in this case.

In deciding HEI's motion, the Court also takes into consideration the fact that filing an EEOC charge under the ADA and Title VII presents significant challenges for *pro se* claimants like King. And a *pro se* document, like King's amended EEOC charge, should be held to less strict standards than pleadings and documents drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). It is also noteworthy that despite established caselaw holding that discrimination and accommodation claims are distinct types of claims, the EEOC form still contains no check-box for claims of failure to accommodate. Under the circumstances, it would be unreasonable to effectively hold King to the same standards that one might expect a lawyer to adhere to when filling out such a form.

**Conclusion**

For the foregoing reasons, the Court denies HEI's motion for judgment on the pleadings with regard to King's ADA claim for failure to accommodate.

Date: December 29, 2020

_____
MATTHEW F. KENNELLY
United States District Judge